UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF NEW
YORK

--------------------------------------------------------------------x

In re:                                                    Chapter 7

ROMAN SLEDZIEJOWSKI,                                       Case No. 13-22050 (RDD)

   Debtor.

--------------------------------------------------------------------x

MARIANNE T. O'TOOLE, as Chapter 7 Trustee
of the estate of Roman Sledziejowski,

                                        Adv. Pro. No.: 13- 8317 (SHL)

   Plaintiff,

-against-                                                 **ANSWER OF DEFENDANT**
MONIKA WROBEL, RML DEVELOPMENT, INC.,                     **IRA KARABA**
JACRS, LLC, MLR DEVELOPMENT, INC., POL
MARKETING, INC., JERZY SLEDZIEJOWSKI,
ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA
S. KARABA, VIET HA DO, LAWRENCE W.
JACKSON, ESQ., JANE DOE "1" through "10" and
JOHN DOE "1" through "10",

   Defendants.

--------------------------------------------------------------------x

## JURISDICTION AND VENUE

     1.     Paragraph one (1) does not refer to the Defendant and the Defendant has

insufficient knowledge with which to admit or deny the allegations contained in said paragraph and,

therefore, denies the same.

2.      Paragraph two (2) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

3.      Paragraph three (3) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

4.      Paragraph four (4) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

## BACKGROUND AND PARTIES

5.      Paragraph five (5) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

6.      Paragraph six (6) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

7.      Admitted.

8.      Paragraph eight (8) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

9.      Paragraph nine (9) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

10.    Paragraph ten (10) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

11.    Paragraph eleven (11) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

12.    Paragraph twelve (12) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

13.    Paragraph thirteen (13) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

14.    Paragraph fourteen (14) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

15.    Admitted in part and denied in part. Admits Paul Folkes ("Folkes") is an individual who resides at 2160 Greengrass CV Apt. 6, Memphis, Tennessee 38116. The remaining allegations in paragraph fifteen (15) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

16.    Admitted in part and denied in part. Admits that Defendant Ira S. Karaba ("Defendant Karaba") is an individual who resides at 789 Hammond Drive NE, Apartment 3201,

Atlanta, Georgia 30328. Denies that Defendant Karaba resides at 3582 Waters Run Drive, Alpharetta, Georgia 30022 and/or 1046 S. Hudson Avenue, Los Angeles, California 90019.

17.     Paragraph seventeen (17) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

18.     Admitted.

19.     Paragraph nineteen (19) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

20.     Paragraph twenty (20) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

21.     Paragraph twenty-one (21) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

22.     Paragraph twenty-two (22) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

23.     Paragraph twenty-three (23) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

24.     Paragraph twenty-four (24) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

25.     Paragraph twenty-five (25) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

26.     Paragraph twenty-six (26) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

27.     Paragraph twenty-seven (27) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

28.     Paragraph twenty-eight (28) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained in said paragraph and, therefore, denies the same.

29.     Paragraph twenty-nine (29) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## PRELIMINARY STATEMENT

30.     Paragraph thirty (30) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

31.     Paragraph thirty-one (31) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

32.     Denies that real estate and other assets were transferred to the Defendant in order to shield the Debtor's assets from the Debtor's creditors. Defendant Karaba was employed by RML Development, Inc. ("RML") from January 15th, 2013 until Defendant Karaba resigned from RML on July 26th, 2013. During his employment at RML, Defendant worked exclusively for RML and was to receive a salary at the rate of $80,000 per annum plus benefits.[1] As part of Defendant Karaba's employment compensation he was to receive an ownership interest in RML. Defendant Karaba's interest was never fully vested and reverted to RML when Defendant Karaba resigned pursuant to the Employment Agreement between RML and Defendant Karaba. The remaining allegations in paragraph thirty-two (32) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

33.     Paragraph thirty-three (33) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

34.     Paragraph thirty-four (34) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

35.     Admitted.

---

[1] To date, Defendant Karaba has not been paid in full and is further owed out-of-pocket expenses and repayment of monies that Defendant Karaba loaned to RML.

36.     Paragraph thirty-six (36) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

37.     Admitted.

38.     Paragraph thirty-eight (38) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same, except admits that Innovest is currently in a Chapter 7 liquidation before this Court.

A.     **The Investigation by FINRA**

39.     Admitted.

40.     Paragraph forty (40) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

41.     Admitted.

42.     Admitted.

43.     Admitted in part and denied in part. Admits that on November 28, 2012, FINRA Department of Enforcement filed a disciplinary proceeding against the Debtor (the "FINRA Complaint"). The remaining allegations in paragraph forty-three (43) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Paragraph fifty-one (51) does not contain an allegation for which admission or denial is required.

**B.     The Debtor's Bankruptcy Petition and Schedules**

52.     Paragraph fifty-two (52) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

53.     Paragraph fifty-three (53) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

54.     Paragraph fifty-four (54) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

55.     Paragraph fifty-five (55) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

56.     Paragraph fifty-six (56) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

57.     Paragraph fifty-seven (57) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

58.     Paragraph fifty-eight (58) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

59.     Paragraph fifty-nine (59) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

60.     Paragraph sixty (60) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

61.     Paragraph sixty-one (61) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

## C.     The Debtor's 2009 Income Tax Return

62.     Paragraph sixty-two (62) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

63.     Paragraph sixty-three (63) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said
paragraph and, therefore, denies the same.

64. Paragraph sixty-four (64) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

65. Paragraph sixty-five (65) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

66. Paragraph sixty-six (66) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

**D.    The Debtor's 2010 Tax Return**

67. Paragraph sixty-seven (67) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

68. Paragraph sixty-eight (68) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

69. Paragraph sixty-nine (69) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

70. Paragraph seventy (70) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

71.    Paragraph seventy-one (71) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

**E.    The Debtor's 2011 Tax Return**

72.    Paragraph seventy-two (72) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

73.    Paragraph seventy-three (73) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

74.    Paragraph seventy-four (74) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

**F.    Innovest Holdings, LLC**

75.    Paragraph seventy-five (75) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

76.    Paragraph seventy-six (76) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

77.    Paragraph seventy-seven (77) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

78.    Paragraph seventy-eight (78) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

79.    Admitted.

80.    Admitted in part and denied in part. Admitted that at various times Defendant's salary for work performed at TWS was paid by entities owned or controlled by the Debtor.[2] These were not "extra" payments, but rather payroll payments made on behalf of TWS to cover TWS's obligations as Defendant Karaba's employer. Defendant Karaba denies having at any point in time offshore bank accounts, including but not limited to the Bank of Butterfield in the Cayman Islands and Switzerland. The remaining allegations in paragraph eighty (80) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

81.    Paragraph eight-one (81) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

**G.    RML Development, Inc.**

82.    Paragraph eighty-two (2) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

83.    Admitted.

---

[2] At least nine (9) associated persons of TWS were paid by Innovest.

84.     Paragraph eighty-four (84) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

## MLR DEVELOPMENT AND THE TRANSFER TO THE DEBTOR'S PARENTS

85.     Paragraph eighty-five (85) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

86.     Paragraph eighty-six (86) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

87.     Paragraph eighty-seven (87) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

88.     Paragraph eighty-eight (88) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

89.     Paragraph eighty-nine (89) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

90.     Paragraph ninety (90) does not refer to the Defendant and the Defendant has
insufficient knowledge with which to admit or deny the allegations contained within said paragraph
and, therefore, denies the same.

91.     Paragraph ninety-one (91) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

92.     Paragraph ninety-two (92) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

93.     Paragraph ninety-three (93) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

94.     Paragraph ninety-four (94) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

95.     Paragraph ninety-five (95) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

96.     Paragraph ninety-six (96) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

**TRANSFERS OF THE DEBTOR'S VEHICLES TO THE DEBTOR'S PARENTS**

97.     Paragraph ninety-seven (97) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

98.    Paragraph ninety-eight (98) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

99.    Paragraph ninety-nine (99) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

100.    Paragraph one hundred (100) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

101.    Paragraph one hundred one (101) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

102.    Paragraph one hundred two (102) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

103.    Paragraph one hundred three (103) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

104.    Paragraph one hundred four (104) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

105.    Paragraph one hundred five (105) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

106.    Paragraph one hundred six (106) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

107.    Paragraph one hundred seven (107) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## POL MARKETING, INC. AND THE TRANSFERS TO CERTAIN DEFENDANTS

108.    Paragraph one hundred eight (108) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

109.    Paragraph one hundred nine (109) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

110.    Paragraph one hundred ten (110) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

111.    Paragraph one hundred eleven (111) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

112.    Paragraph one hundred twelve (112) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

113.    Paragraph one hundred thirteen (113) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

114.    Paragraph one hundred fourteen (114) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## THE DEBTOR'S CONTRIVED DIVORCE FROM MONIKA WROBEL

115.    Paragraph one hundred fifteen (115) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

116.    Paragraph one hundred sixteen (116) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

117.    Paragraph one hundred seventeen (117) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

118.    Paragraph one hundred eighteen (118) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

119.     Paragraph one hundred nineteen (119) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

120.     Paragraph one hundred twenty (120) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

121.     Paragraph one hundred twenty-one (121) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

122.     Paragraph one hundred twenty-two (122) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

123.     Paragraph one hundred twenty-three (123) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

124.     Paragraph one hundred twenty-four (124) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

125.     Paragraph one hundred twenty-five (125) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

126. Paragraph one hundred twenty-six (126) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

127. Paragraph one hundred twenty-seven (127) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

128. Paragraph one hundred twenty-eight (128) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

129. Paragraph one hundred twenty-nine (129) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

130. Paragraph one hundred thirty (130) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

131. Paragraph one hundred thirty-one (131) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

132. Paragraph one hundred thirty-two (132) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

133.     Paragraph one hundred thirty-three (133) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

134.     Admitted in part and denied in part. Admitted that Defendant RML owns 2
apartment complexes in 2160 Greengrass Cove, Memphis, Tennessee 38116 and 734 Raines
Road, Memphis, Tennessee 38116, which are collectively comprised of 194 apartment units (the
"Apartment Complexes"). The remaining allegations in paragraph one hundred thirty-four (134)
do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or
deny the allegations contained within said paragraph and, therefore, denies the same.

135.     Admitted.[3]

136.     Paragraph one hundred thirty-six (136) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

137.     Paragraph one hundred thirty-seven (137) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained
within said paragraph and, therefore, denies the same.

138.     Paragraph one hundred thirty-eight (138) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained
within said paragraph and, therefore, denies the same.

139.     Paragraph one hundred thirty-nine (139) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained
within said paragraph and, therefore, denies the same.

---

[3] RML's liabilities dwarf its assets; and on August 29th, 2013, RML filed for bankruptcy relief.

140.     Paragraph one hundred forty (140) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

141.     Paragraph one hundred forty-one (141) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

142.     Paragraph one hundred forty-two (142) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

143.     Paragraph one hundred forty-three (143) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## RML DEVELOPMENT AND THE TRANSFER OF THE DEBTOR'S SHARES

144.     Paragraph one hundred forty-four (144) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

145.     Admitted, except that RML manages 194 apartments.

146.     Paragraph one hundred forty-six (146) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

147.    Paragraph one hundred forty-seven (147) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

148.    Paragraph one hundred forty-eight (148) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

149.    Admitted in part and denied in part. Admitted that Debtor executed a promissory note in the amount of two million two hundred thousand dollars ($2,200,000.00) (the "Note") to SPCP Group III CNI 1, LLC ("SPCP"). The remaining allegations in paragraph one hundred forty-nine (149) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

150.    Admitted.

151.    Admitted.

152.    Paragraph one hundred fifty-two (152) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

153.    Paragraph one hundred fifty-three (153) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

154.    Paragraph one hundred fifty-four (154) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

155.    Paragraph one hundred fifty-five (155) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

156.    Paragraph one hundred fifty-six (156) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

157.    Admitted.

158.    Paragraph one hundred fifty-eight (158) does not contain an allegation for which admission or denial is required.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Injunctive Relief)

159.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through one hundred fifty-eight (158) inclusive, as if fully set forth herein.

160.    Paragraph one hundred sixty (160) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

161.    Paragraph one hundred sixty-one (161) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

162.    Paragraph one hundred sixty-two (162) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

163. To the extent paragraph one hundred sixty-three (163) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. The Defendant further denies that the Defendant maintains control over the assets of defendants RML, MLR, JACRS, and other unknown assets of the estate.

164. Paragraph one hundred sixty-four (164) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

165. Paragraph one hundred sixty-five (165) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

166. Paragraph one hundred sixty-six (166) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

167. Paragraph one hundred sixty-seven (167) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

168. To the extent that paragraph one hundred sixty-eight (168) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant further denies possessing or controlling directly or indirectly any assets of the Debtor's estate.

169. Paragraph one hundred sixty-nine (169) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within

said paragraph and, therefore, denies the same. Defendant further denies possessing or controlling directly or indirectly any assets of the estate.

170.    Paragraph one hundred seventy (170) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

171.    Denies the allegation contained in paragraph one hundred seventy-one (171) as to Defendant Karaba. The remaining allegations contained in paragraph one hundred seventy-one (171) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT RML
### (Alter Ego)

172.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through one hundred seventy-one (171) inclusive, as if fully set forth herein.

173.    Paragraph one hundred seventy-three (173) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

174.    Paragraph one hundred seventy-four (174) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

175.    Paragraph one hundred seventy-five (175) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

176.    Paragraph one hundred seventy-six (176) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

177.    Paragraph one hundred seventy-seven (177) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

178.    Paragraph one hundred seventy-eight (178) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

179.    Paragraph one hundred seventy-nine (179) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

180.    Paragraph one hundred eighty (180) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT RML
### (Substantive Consolidation)

181.    Defendant Karaba repeats and reiterates each and every admission and denial as
contained in paragraphs one (1) through one hundred eighty (180) inclusive, as if fully set forth
herein.

182.    Paragraph one hundred eighty-two (182) does not refer to the Defendant and the
Defendant has insufficient knowledge with which to admit or deny the allegations contained within
said paragraph and, therefore, denies the same.

183.   Paragraph one hundred eighty-three (183) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

184.   Paragraph one hundred eighty-four (184) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

185.   Paragraph one hundred eighty-five (185) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

186.   Paragraph one hundred eighty-six (186) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

187.   Paragraph one hundred eighty-seven (187) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

188.   Paragraph one hundred eighty-eight (188) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

189.   Paragraph one hundred eighty-nine (189) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

190.    Paragraph one hundred ninety (190) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

191.    Admitted.

192.    Paragraph one hundred ninety-two (192) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

193.    Paragraph one hundred ninety-three (193) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

194.    Paragraph one hundred ninety-four (194) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

195.    Paragraph one hundred ninety-five (195) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

196.    Paragraph one hundred ninety-six (196) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

197.    Paragraph one hundred ninety-seven (197) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

198.    Paragraph one hundred ninety-eight (198) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT WROBEL**
### **(Fraud)**

199.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through one hundred ninety-eight (198) inclusive, as if fully set forth herein.

200.    Paragraph two hundred (200) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

201.    Paragraph two hundred one (201) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

202.    Paragraph two hundred two (202) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

203.    Paragraph two hundred three (203) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

204.    Paragraph two hundred four (204) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

205.     Paragraph two hundred five (205) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

206.     Paragraph two hundred six (206) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

207.     Paragraph two hundred seven (207) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

208.     Paragraph two hundred eight (208) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

209.     Paragraph two hundred nine (209) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

210.     Paragraph two hundred ten (210) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

211.     Paragraph two hundred eleven (211) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

212.    Paragraph two hundred twelve (212) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

213.    Paragraph two hundred thirteen (213) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT WROBEL
### (Aiding and Abetting Fraud)

214.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred thirteen (213) inclusive, as if fully set forth herein.

215.    Paragraph two hundred fifteen (215) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

216.    Paragraph two hundred sixteen (216) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

217.    Paragraph two hundred seventeen (217) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

218.    Paragraph two hundred eighteen (218) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

219.    Paragraph two hundred nineteen (219) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

220.    Paragraph two hundred twenty (220) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

221.    Paragraph two hundred twenty-one (221) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

222.    Paragraph two hundred twenty-two (222) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

223.    Paragraph two hundred twenty-three (223) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

224.    Paragraph two hundred twenty-four (224) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

225.    Paragraph two hundred twenty-five (225) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT WROBEL
### (Fraudulent Misrepresentation)

226. Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred twenty-five (225) inclusive, as if fully set forth herein.

227. Paragraph two hundred twenty-seven (227) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

228. Paragraph two hundred twenty-eight (228) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

229. Paragraph two hundred twenty-nine (229) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

230. Paragraph two hundred thirty (230) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

231. Paragraph two hundred thirty-one (231) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

232. Paragraph two hundred thirty-two (232) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

233.    Paragraph two hundred thirty-three (233) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

234.    Paragraph two hundred thirty-four (234) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

235.    Paragraph two hundred thirty-five (235) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

236.    Paragraph two hundred thirty-six (236) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT WROBEL
### (Aiding and Abetting Fraudulent Misrepresentation)

237.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred thirty-six (236) inclusive, as if fully set forth herein.

238.    Paragraph two hundred thirty-eight (238) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

239.    Paragraph two hundred thirty-nine (239) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

240.    Paragraph two hundred forty (240) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

241.    Paragraph two hundred forty-one (241) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

242.    Paragraph two hundred forty-two (242) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

243.    Paragraph two hundred forty-three (243) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

244.    Paragraph two hundred forty-four (244) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

245.    Paragraph two hundred forty-five (245) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Property of the Estate)

246.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred forty-five (245) inclusive, as if fully set forth herein.

247.    Paragraph two hundred forty-seven (247) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

248.    Paragraph two hundred forty-eight (248) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

249.    To the extent that paragraph two hundred forty-nine (249) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. The Defendant further denies holding assets which are property of the bankruptcy estate.

250.    Denies the allegation contained in paragraph two hundred fifty (250) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred fifty (250) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer)

251.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred fifty (250) inclusive, as if fully set forth herein.

252.    To the extent that paragraph two hundred fifty-two (252) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.  Defendant further denies holding assets which are property of the bankruptcy estate.

253.    To the extent that paragraph two hundred fifty-three (253) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations

contained within said paragraph and, therefore, denies the same. Defendant further denies holding assets which are property of the bankruptcy estate.

254. To the extent that paragraph two hundred fifty-four (254) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant further denies being a party to Assets Transfers that occurred beyond two years of the Petition Date.

255. To the extent paragraph two hundred fifty-five (255) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant further denies holding assets which are property of the bankruptcy estate. Defendant further denies that Debtor transferred assets to the Defendant for little or no consideration, including, but not limited to, transfers to bank accounts in the Cayman Islands and Switzerland. Defendant Karaba further denies maintaining at any point in time offshore bank accounts, including, but not limited to, bank accounts in the Cayman Islands and/or Switzerland. Defendant was gainfully employed by RML from January 15th, 2013 until Defendant resigned from RML on July 26th, 2013. During his employment at RML, Defendant worked exclusively for RML and received a salary at the rate of $80,000 per annum plus benefits. At all times throughout his employment at RML, Defendant performed his duties faithfully, industriously, and to the best of his ability. During his employment at RML, Defendant travelled to and worked from the offices and grounds of the Apartment Complexes in Memphis, TN as needed, but certainly no less than on average once per month.

256. Paragraph two hundred fifty-six (256) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

257.    Paragraph two hundred fifty-seven (257) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

258.    Paragraph two hundred fifty-eight (258) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

259.    Denies the allegation contained in paragraph two hundred fifty-nine (259) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred fifty-nine (259) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer)

260.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred sixty (260) inclusive, as if fully set forth herein.

261.    Paragraph two hundred sixty-one (261) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

262.    Paragraph two hundred sixty-two (262) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

263.    Paragraph two hundred sixty-three (263) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

264. Paragraph two hundred sixty-four (264) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

265. Denies the allegation contained in paragraph two hundred sixty-five (265) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred sixty-five (265) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## ELEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer)

266. Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred sixty-five (265) inclusive, as if fully set forth herein.

267. Paragraph two hundred sixty-seven (267) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

268. Paragraph two hundred sixty-eight (268) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

269. Paragraph two hundred sixty-nine (269) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

270. Paragraph two hundred seventy (270) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

271.    Denies the allegation contained in paragraph two hundred seventy-one (271) as to

Defendant Karaba. The remaining allegations contained in paragraph two hundred seventy-one (271)

do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or

deny the allegations contained within said paragraph and, therefore, denies the same.

## TWELFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer)

272.    Defendant Karaba repeats and reiterates each and every admission and denial as

contained in paragraphs one (1) through two hundred seventy-three (273) inclusive, as if fully set

forth herein.

273.    Paragraph two hundred seventy-three (273) does not refer to the Defendant and the

Defendant has insufficient knowledge with which to admit or deny the allegations contained within

said paragraph and, therefore, denies the same.

274.    To the extent paragraph two hundred seventy-four (274) does not refer to the

Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations

contained within said paragraph and, therefore, denies the same. Defendant denies ownership,

possession, or control of any Asset as defined in paragraph one hundred fifty-eight (158) of the

Trustee's Amended Complaint:

> The transfers of the Debtor's interest in defendant RML, defendant JACRS, defendant
> MLR, the transfers of the Debtor's assets under the Divorce Stipulation, and the Debtor's
> transfer of the A8, shall be collectively referred to as the "Asset Transfers". The assets
> subject to the Asset Transfers shall be collectively referred to as the "Assets".

Any Assets that could be construed as being received by Defendant Karaba would be limited to

equity shares in RML which were returned on July 26th, 2013. RML was Defendant Karaba's

employer from January 15th, 2013 to July 26th, 2013. As part of Defendant Karaba's employment

compensation from RML he was to receive ownership interest in RML issued directly by the

company. Defendant Karaba's Employment Agreement contained a reverse vesting clause if employment did not last twelve (12) months. Upon termination of the Employment Agreement with RML on July 26th, 2013, any claim of interest that Defendant Karaba may have held became null and void and ownership interest defaulted back to RML. Subsequent to this discussion and the resignation of Defendant Karaba,[4] the Trustee's complaint was amended to reflect that,

> 1) Defendant Karaba does not have ownership, possession, or control of any Asset of the estate including, but not limited to, the Debtor's interest in defendant RML, defendant JACRS, defendant MLR, the Debtor's assets under the Divorce Stipulation, and the Debtor's A8; and,
>
> 2) Defendant Karaba was not a party to the Asset Transfers including, but not limited to, the transfers of the Debtor's interest in defendant RML, defendant JACRS, defendant MLR, the transfers of the Debtor's assets under the Divorce Stipulation, and the Debtor's transfer of the A8.

In the event the Plaintiff or Court determines that shares were received by Defendant Karaba, Defendant Karaba's interest in said shares was never fully vested and were returned by Defendant Karaba pursuant to Paragraph D of section fifteen (15) **"TERMINATION"** found on page four (4) of the Employment Agreement, a true and correct copy of which is attached herewith as Exhibit A. RML was Defendant Karaba's employer. Defendant Karaba provided good and valuable consideration in the form of services performed over a period of over six (6) months. Defendant Karaba has not been paid in full by his employer, RML, and is further owed by RML out-of-pocket expenses of roughly $500.00 and a $1550.00 loan that the Defendant made to RML so that it could

---

[4] Defendant Karaba's resignation from RML (as well as its repercussions on any and all ownership claims) was discussed in advance with Trustee's counsel, Joseph S. Maniscalco.

conduct badly needed asphalt repairs. Further, RML is insolvent; the liabilities of RML far exceed its assets; and on August 29th, 2013, RML filed for bankruptcy relief.

275.    Paragraph two hundred seventy-five (275) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

276.    Paragraph two hundred seventy-six (276) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

277.    Denies the allegation contained in paragraph two hundred seventy-seven (277) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred seventy-seven (277) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

### THIRTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
**(Fraudulent Transfer)**

278.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred seventy-seven (277) inclusive, as if fully set forth herein.

279.    Paragraph two hundred seventy-nine (279) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

280.    Paragraph two hundred eighty (280) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

281.    Paragraph two hundred eighty-one (281) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

282.    Paragraph two hundred eighty-two (282) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

283.    Denies the allegation contained in paragraph two hundred eighty-three (283) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred eighty-three (283) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## FOURTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraudulent Transfer)

284.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred eighty-three (283) inclusive, as if fully set forth herein.

285.    Paragraph two hundred eighty-five (285) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

286.    Paragraph two hundred eighty-six (286) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

287.    Denies the allegation contained in paragraph two hundred eighty-seven (287) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred eighty-seven

(287) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## FIFTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Attorney's Fees)

288.     Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred eighty-seven (287) inclusive, as if fully set forth herein.

289.     Paragraph two hundred eighty-nine (289) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

290.     Paragraph two hundred ninety (290) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

291.     Paragraph two hundred ninety-one (291) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

292.     Denies the allegation contained in paragraph two hundred ninety-two (292) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred ninety-two (292) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## SIXTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Unjust Enrichment)

293.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred ninety-three (293) inclusive, as if fully set forth herein.

294.    Paragraph two hundred ninety-four (294) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

295.    Paragraph two hundred ninety-five (295) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

296.    Paragraph two hundred ninety-six (296) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

297.    Denies the allegation contained in paragraph two hundred ninety-seven (297) as to Defendant Karaba. The remaining allegations contained in paragraph two hundred ninety-seven (297) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

### SEVENTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT WROBEL
### (Unjust Enrichment)

298.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through two hundred ninety-seven (297) inclusive, as if fully set forth herein.

299.    Paragraph two hundred ninety-nine (299) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

300.    Paragraph three hundred (300) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

301.    Paragraph three hundred one (301) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

302.    Paragraph three hundred two (302) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

303.    Paragraph three hundred three (303) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

304.    Paragraph three hundred four (304) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

305.    Paragraph three hundred five (305) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## EIGHTEENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Civil Conspiracy)

306.    Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through three hundred five (305) inclusive, as if fully set forth herein.

307.    To the extent paragraph three hundred seven (307) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within

said paragraph and, therefore, denies the same. Defendant Karaba further denies engaging in a course of action intended to defraud the Debtor's creditors. RML was Defendant Karaba's employer.

308.    Paragraph three hundred (308) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

309.    To the extent paragraph three hundred nine (309) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant Karaba further denies conspiring together and intentionally participating in this course of action. RML was Defendant Karaba's employer.

310.    Paragraph three hundred ten (310) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

311.    To the extent paragraph three hundred eleven (311) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant Karaba further denies intending to participate in the conspiracy to defraud the Debtor's creditors by accepting, and enjoying the benefits of, the Asset Transfers at the expense of the Debtor's creditors. Defendant Karaba further denies enjoying the benefits of the Asset Transfers.

312.    To the extent that paragraph three hundred twelve (312) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant further denies participating in this course of action.

313.     To the extent paragraph nine (9) does not refer to the Defendant, Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same. Defendant further denies conspiring to defraud the Debtor's creditors. Defendant Karaba further denies depriving the Debtor's creditors and the Debtor's bankruptcy estate of the value of the Assets.

314.     Denies the allegation contained in paragraph three hundred fourteen (314) as to Defendant Karaba. The remaining allegations contained in paragraph three hundred fourteen (314) do not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## NINETEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS ELZBIETA AND JERZY WROBEL
### (Aiding and Abetting Fraud)

315.     Defendant Karaba repeats and reiterates each and every admission and denial as contained in paragraphs one (1) through three hundred fourteen (314) inclusive, as if fully set forth herein.

316.     Paragraph three hundred sixteen (316) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

317.     Paragraph three hundred seventeen (317) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

318.     Paragraph three hundred eighteen (318) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

319.    Paragraph three hundred nineteen (319) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

320.    Paragraph three hundred twenty (320) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

321.    Paragraph three hundred twenty-one (321) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

322.    Paragraph three hundred twenty-two (322) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

323.    Paragraph three hundred twenty-three (323) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

324.    Paragraph three hundred twenty-four (324) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

325.    Paragraph three hundred twenty-five (325) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

326.  Paragraph three hundred twenty-six (326) does not refer to the Defendant and the Defendant has insufficient knowledge with which to admit or deny the allegations contained within said paragraph and, therefore, denies the same.

## DEFENSE: DEFENDANT DOES NOT OWN, POSESS, MAINTAIN, OR CONTROL ANY ASSETS OF THE DEBTOR'S ESTATE

327.  RML was Defendant Karaba's employer from January 15th, 2013 until Defendant Karaba tendered his resignation on July 26th, 2013. Defendant Karaba does not have an ownership interest in any Assets of the Debtor's estate. As part of Defendant Karaba's employment compensation from RML he was to receive ownership interest in RML issued directly by the company. The Employment Agreement contained a reverse vesting clause if employment did not last twelve (12) months. Upon termination of the Employment Agreement with RML on July 26th, 2013, any claim of interest that Defendant Karaba may have held became null and void and ownership interest defaulted back to RML.

328.  Defendant Karaba's resignation from RML (as well as its repercussions on any ownership claims) was discussed in advance with Trustee's counsel, Joseph S. Maniscalco. Subsequent to this discussion, the Trustee's complaint was amended to reflect that,

> 1) Defendant Karaba does not have ownership, possession, or control of any Asset of the estate including, but not limited to, the Debtor's interest in defendant RML, defendant JACRS, defendant MLR, the Debtor's assets under the Divorce Stipulation, and the Debtor's A8; and,
>
> 2) Defendant Karaba was not a party to the Asset Transfers including, but not limited to, the transfers of the Debtor's interest in defendant RML, defendant JACRS,

defendant MLR, the transfers of the Debtor's assets under the Divorce Stipulation, and the Debtor's transfer of the A8.

329.    In the event the Plaintiff or Court determines that shares were received by Defendant Karaba, Defendant Karaba's interest in said shares was never fully vested and were returned by Defendant Karaba pursuant to Paragraph D of section fifteen (15) **"TERMINATION"** found on page four (4) of the Employment Agreement, a true and correct copy of which is attached herewith as Exhibit A.

## DEFENSE: DEFENDANT KARABA PROVIDED REASONABLE CONSIDERATION:

330.    To the extent that Defendant Karaba was paid a salary for work performed and was to receive ownership interest in RML issued directly by the company as stipulated in the Employment Agreement, Defendant Karaba provided good and valuable consideration in the form of services performed to his employer. Defendant Karaba was gainfully employed by RML from January 15th, 2013 until Defendant Karaba resigned from RML on July 26th, 2013. During his employment at RML, Defendant worked exclusively for RML and received a salary at the rate of $80,000 per annum plus benefits.

331.    At all times throughout his employment at RML, Defendant Karaba performed his duties faithfully, industriously, and to the best of his ability. During his employment at RML, Defendant travelled to and worked from the offices of the Apartment Complexes in Memphis, TN on an as needed basis, but certainly no less than on average once per month. Defendant Karaba genuinely cared about the success and well-being of his employer and in that regard incurred out-of-pocket expenses and even loaned money to his employer as previously stated in paragraph two hundred seventy-four (274).

332.    Defendant Karaba did not receive stock or other assets from the Debtor, therefore
Defendant is not a proper party to this complaint. To the extent the court disagrees, Defendant
Karaba provided reasonably equivalent value in the form of services rendered and work performed.

## DEFENSE:  DEFENDANT WAS NOT A PARTY TO THE ASSET TRANSFERS

333.    Defendant Karaba is not a proper party to this complaint, because Defendant Karaba
was not a party to the Asset Transfers including, but not limited to, the transfers of the Debtor's
interest in defendant RML, defendant JACRS, defendant MLR, the transfers of the Debtor's assets
under the Divorce Stipulation, and the Debtor's transfer of the A8.

334.    As stipulated in the Employment Agreement, Defendant Karaba needed to maintain
employment at RML for twelve (12) months in order to enjoy an ownership interest in RML. Upon
termination of the Employment Agreement with RML on July 26th, 2013, any claim of interest that
Defendant Karaba may have held became null and void and ownership interest defaulted back to
RML. To the extent the court disagrees, Defendant provided reasonably equivalent value in the form
of services rendered and work performed to RML as described in paragraph three hundred twenty-
nine (329) and paragraph three hundred thirty (330).

## DEFENSE: COMPLAINT HAS BEEN AMENDED TO REFLECT THAT
## DEFENDANT DOES NOT HAVE ANY OWNERSHIP INTEREST

335.    Defendant Karaba's resignation from RML (as well as its repercussions on
ownership claims) was discussed in advance with Trustee's counsel, Joseph S. Maniscalco.
Subsequent to this discussion, the Trustee's complaint was amended to reflect that,

> 3) Defendant Karaba does not have ownership, possession, or control of any Asset of
> the estate including, but not limited to, the Debtor's interest in defendant RML,

defendant JACRS, defendant MLR, the Debtor's assets under the Divorce Stipulation, and the Debtor's A8; and,

4) Defendant Karaba was not a party to the Asset Transfers including, but not limited to, the transfers of the Debtor's interest in defendant RML, defendant JACRS, defendant MLR, the transfers of the Debtor's assets under the Divorce Stipulation, and the Debtor's transfer of the A8.

## DEFENSE: ANY OWNERSHIP INTEREST IN RML IS WORTHLESS

336.    RML is insolvent. The liabilities of RML far exceed its assets. Ownership interest in RML is completely devoid of any value; and on August 29th, 2013, RML filed for bankruptcy relief.

## PRAYER FOR RELIEF

WHEREFORE the Defendant requests that this Court:

1. Dismiss the complaint against Defendant with prejudice.

2. Grant such other and further relief as is fair, just and equitable.

DATED:      SANDY SPRINGS, GEORGIA
            SEPTEMBER 23, 2013

Respectfully submitted,

By:___ /S/ Ira S. Karaba___
Ira S. Karaba pro se
789 Hammond Dr NE Apt3201
Sandy Springs, GA 30328
678-825-4725
ira.karaba@gmail.com

TO:    SEE ATTACHED SERVICE LIST

### *SERVICE LIST*

LaMonica Herbst & Maniscalco
3305 Jerusalem Avenue
Wantagh, New York 11793
Attn.: Joseph Maniscalco, Esq.
       Holly Rai, Esq.

DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
Rattet Pasternak Bankruptcy Practice Group
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Attn. Erica Feynman-Aisner, Esq.

David M. Banker, Esq.
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020

Todd S. Cushner, Esq.
Garvey Tirelli & Cushner Ltd.
50 Main Street, Suite 390
White Plains, NY 10606

Lawrence M. Gottlieb, Esq.
Hass & Gottlieb
670 White Plains Road. Suite 121
Scarsdale, New York 10583

Barry M. Kazan, Esq.
Thompson Hine LLP
335 Madison Avenue
New York, New York 10017

Prassana Mahadeva, Esq.
Mahadeva PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

Lawrence R. Reich, Esq. Nicholas A. Pasalides
Reich, Reich & Reich, P.C.
235 Main Street, Suite 450
White Plains, New York 10601

David L. Tillem
Wilson, Elser, Moskowitz, Edelman
& Dicker
1133 Westchester Avenue
White Plains, NY 10604