# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                  Chapter 7

ROMAN SLEDZIEJOWSKI,                                            Case No.: 13-22050 (RDD)

              Debtor.
-----------------------------------------------------------x
MARIANNE T. O'TOOLE, as Chapter 7 Trustee
of the estate of Roman Sledziejowski,

              Plaintiff,                                  Adv. Pro. No.: 13-08317 (SHL)

-against-

MONIKA WROBEL, RML DEVELOPMENT, INC.,
JACRS, LLC, MLR DEVELOPMENT, INC., POL
MARKETING, INC., JERZY SLEDZIEJOWSKI,
ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA
S. KARABA, VIET HA DO, LAWRENCE W.
JACKSON, ESQ., JANE DOE "1" through "10" and
JOHN DOE "1" through "10",

              Defendants.
-----------------------------------------------------------x
In re:                                                                                  Chapter 7

INNOVEST HOLDINGS, LLC,                                       Case No.: 13-22748 (RDD)

              Debtor.
-----------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

              Plaintiff,                                  Adv. Pro. No.: 14-08207 (SHL)
-against-

POL MARKETING, INC., JERZY SLEDZIEJOWSKI,
and MONIKA WROBEL,

              Defendants.
-----------------------------------------------------------x

## STIPULATION OF SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND MONIKA WROBEL

1

Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estates of Roman Sledziejowski ("Sledziejowski") and Innovest Holdings, LLC ("Innovest" and, together with Sledziejowski, the "Debtors"), through her undersigned counsel, and Monika Wrobel ("Wrobel"), individually and through her undersigned counsel, hereby stipulate and agree as follows:

## PROCEDURAL BACKGROUND

### I. The Bankruptcy Filings and Appointment of the Trustee

WHEREAS, on January 15, 2013 (the "Sledziejowski Petition Date"), Sledziejowski filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, by Order dated March 27, 2013, the Court directed the appointment of a Chapter 11 Trustee [Case No. 13-22050, Dkt. No. 16];

WHEREAS, by Notice of Appointment of Chapter 11 Trustee dated March 28, 2013, the Office of the United States Trustee appointed Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 28];

WHEREAS, by Order dated March 28, 2013, the Court approved the appointment of Marianne T. O'Toole as Chapter 11 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 31];

WHEREAS, by Stipulation and Order dated April 15, 2013, Sledziejowski's case was consensually converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code as of April 15, 2013 [Case No. 13-22050, Dkt. No. 50];

WHEREAS, by Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines dated April 15, 2013, Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of Sledziejowski's estate [Case No. 13-22050, Dkt. No. 52];

2

WHEREAS, on June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors and, by operation of law, Marianne T. O'Toole became the permanent trustee of Sledziejowski's estate;

WHEREAS, on May 10, 2013 (the "Innovest Petition Date"), Innovest commenced a case under chapter 7 of the Bankruptcy Code;

WHEREAS, on June 13, 2013, Sledziejowski appeared at the Bankruptcy Code § 341(a) meeting of creditors for Innovest and, by operation of law, Marianne T. O'Toole became the permanent trustee of Innovest's estate;

WHEREAS, on September 19, 2013, a proof of claim in the amount of $100,000.00 was filed on behalf of Wrobel against Sledziejowski's estate [Case No. 13-22020, claim no. 40-1] ("Sledziejowski Claim 40");

II. **The Sledziejowski Adversary Action**

WHEREAS, on July 10, 2013, the Trustee commenced an adversary proceeding against, among others, Wrobel by which the Trustee seeks to, among other things, avoid various alleged fraudulent transfers made by Sledziejowski, primarily in the months leading up to the Sledziejowski Petition Date, and to recover property of Sledziejowski's estate (the "Sledziejowski Adversary Proceeding") [Adv. Pro. No. 13-8317, Dkt. No. 1];

WHEREAS, among other transfers, the Trustee seeks to avoid Sledziejowski's transfer of his 50% ownership interest in JACRS, LLC to Wrobel ("JACRS");

WHEREAS, JACRS is the record owner of a multi-family property located at 867 Riverside Drive, New York, New York (the "JACRS Property");

WHEREAS, by Order dated July 10, 2013, the Court scheduled a hearing on shortened notice and, among other things, temporarily restrained, among others, Wrobel from transferring,

3

hypothecating, encumbering or otherwise disposing of certain assets [Adv. Pro. No. 13-8317, Dkt. No.5];

WHEREAS, at a hearing held on July 19, 2013, the Court, among other things, approved the Trustee's request for a preliminary injunction to prevent, among others, Wrobel from transferring, hypothecating, encumbering or otherwise disposing of certain assets, which relief was memorialized in an Order dated August 22, 2013 (the "Preliminary Injunction Order") [Adv. Pro. No. 13-8317, Dkt. No. 38];

WHEREAS, on August 7, 2013, the Trustee filed an amended complaint in the adversary proceeding (the "Amended Sledziejowski Complaint");

WHEREAS, on September 19, 2013, an answer to the Amended Sledziejowski Complaint was filed on behalf of Wrobel [Adv. Pro. No. 13-8317, Dkt. No. 43];

WHEREAS, pursuant to an Order dated January 23, 2015, Wrobel was sanctioned $1,000.00 per day commencing on January 23 2015 in connection with her non-compliance with an Order of the Court dated December 11, 2015 (the "Sanctions Order") [Adv. Pro. No. 13-8317, Dkt. No. 226];

WHEREAS, on February 2, 2015, a notice of appeal of the Sanctions Order was filed on behalf of Wrobel [Adv. Pro. No. 13-8317, Dkt. No. 228];

WHEREAS, sanctions have been accruing against Wrobel since the entry of the Sanctions Order;

WHEREAS, pursuant to a Second Affirmation of Non-Compliance [Adv. Pro. No. 13-8317, Dkt. No. 229], the Trustee seeks the imposition of additional sanctions against Wrobel in connection with her non-compliance with an Order of the Court dated December 11, 2015 [Adv. Pro. No. 13-8317, Dkt. No. 229];

4

### III. The Innovest Adversary Actions

WHEREAS, in the course of her investigation into Innovest's financial affairs, the Trustee determined that POL Marketing, Inc. received various transfers totaling $259,587.36 from Innovest prior to the Innovest Petition Date (collectively, the "POL Transfers");

WHEREAS, on February 21, 2014, the Trustee commenced an adversary proceeding against, among others, Wrobel by which the Trustee seeks to avoid the POL Transfers (the "Innovest Adversary Proceeding" and, together with the Sledziejowski Adversary Proceeding, the "Adversary Proceedings") [Adv. Pro. No. 14-8208, Dkt. No. 1];

WHEREAS, on April 25, 2014, an answer was filed on behalf of Wrobel in the Innovest Adversary Proceeding [Adv. Pro. No. 14-8208, Dkt. No. 7];

WHEREAS, in the course of her investigation into Innovest's financial affairs, the Trustee determined that Wrobel received additional transfers from Innovest prior to the Innovest Petition Date totaling at least $19,950.00 (collectively, the "Innovest Transfers");

WHEREAS, the Trustee asserts that the Innovest Transfers are recoverable from Wrobel pursuant to, among others, Bankruptcy Code §§ 547, 548 and 550;

### IV. RML Development, Inc.

WHEREAS, on August 29, 2013, RML Development, Inc. ("RML") filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee[1];

WHEREAS, according to RML's State of Financial Affairs, Wrobel holds 175 common shares, or a 20% ownership interest, in RML [Case No. 15-22066, Dkt. No. 26];

WHEREAS, the Trustee asserts that certain claims and causes of action of the Debtors' estates may exist against Wrobel in connection with her involvement in RML;

---

[1] On or about January 13, 2015, RML's Chapter 11 case was transferred to the Southern District of New York in accordance with an Order dated November 20, 2014. See Case No. 15-22066, Dkt. No. 284.

5

V.  **The JACRS Property**

WHEREAS, prior to the Sledziejowski Petition Date, Sledziejowski held a 50% ownership interest in JACRS;

WHEREAS, the other 50% ownership interest in JACRS is held by John C. Czaplinski and his wife, Alicja Czaplinski;

WHEREAS, pursuant to a Stipulation of Settlement and Agreement between Wrobel and Sledziejowski dated November 28, 2012 that the Trustee has alleged is fraudulent in the Sledziejowski Adversary Proceeding, Sledziejowski agreed to transfer his 50% ownership interest in JACRS to Wrobel;

WHEREAS, the JACRS Property is encumbered by a mortgage held by Self Reliance (NY) Federal Credit Union dated February 12, 2004 in the principal amount of $592,500.00 (the "JACRS Mortgage");

WHEREAS, JACRS is current on the JACRS Mortgage;

WHEREAS, JACRS is current on the real estate and school taxes relating to the JACRS Property;

VI. **The Settlement**

WHEREAS, in order to avoid the costs and risks of litigating the Trustee's claims in the Adversary Proceedings, any additional claims against Wrobel relating to the Innovest Transfers and/or RML and any of Wrobel's defenses thereto, the Trustee and Wrobel (together, the "Parties") determined to resolve their disputes on the terms and subject to the conditions set forth in this Stipulation of Settlement (the "Stipulation").

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated to, consented to and agreed by and between the Parties as follows:

6

1. In full and final settlement of the claims and controversies asserted by the Trustee against Wrobel in the Adversary Proceedings, including the Sanctions Order, or with respect to the Innovest Transfers, RML and any other claims of the Debtors' estates against Wrobel, Wrobel shall pay to the Trustee the sum of $200,000.00 (the "Settlement Sum") no later than May 15, 2015 (the "Payment Deadline").

2. There are no contingencies to the payment of the Settlement Sum whatsoever. To the extent Wrobel seeks to refinance or pledge her shares of stock in JACRS to finance the payment of the Settlement Sum, however, the Trustee agrees to release the Preliminary Injunction Order as to only Wrobel and Wrobel's interest in JACRS simultaneously with the payment in full of the Settlement Sum by wire transfer or bank check.

3. Upon the Trustee's receipt of the fully executed Stipulation, the Trustee shall seek entry of an Order of the Court, pursuant to Bankruptcy Rule 9019, approving this Stipulation.

## DEFAULT PROVISIONS

4. In the event Wrobel fails to pay the Settlement Sum to the Trustee by the Payment Deadline, Wrobel shall be in default of this Stipulation. In that event, counsel to the Trustee will send a written notice of said default by overnight mail to Wrobel at 195 Evan Drive, Ossining, New York 10562 and to her counsel, Harold, Salant, Strassfield & Spielberg, at 81 Main Street, White Plains, New York 10601, Attention: Leonard I. Spielberg, Esq. (the "Default Notice").

5. If a default under ¶ 5 of this Stipulation is not cured (including the payment of any returned check fees) within five (5) calendar days from the date of the Default Notice, then Wrobel shall immediately turnover her shares of stock and transfer her ownership interest in JACRS to the Trustee and Wrobel waives any and all defenses to the turnover of her shares of stock and transfer of ownership interest in JACRS to the Trustee and the Trustee shall thereafter be authorized to sell the JACRS Property.

6. In the event of a sale of a sale of the JACRS Property, Wrobel waives any and all objections, claims, rights and/or defenses to the sale and may not file any pleadings with this or any other Court to stay such a sale. Wrobel agrees not to take any act, directly or indirectly, with respect to the sale of the JACRS Property.

7. In the event of a sale of the JACRS Property, Wrobel shall be entitled to the balance of the net proceeds only after the payment of the following:

(a) any outstanding recorded liens, claims or encumbrances filed against the JACRS Property in existence prior to the Preliminary Injunction Order, including the mortgage;

(b) any real estate broker's or auctioneer's commission not to exceed 5% of the sales price and, if applicable, expenses;

(c) any necessary and customary closing costs not to exceed $50,000.00;

(d) any taxes arising from the sale of the JACRS Property;

(e) 50% of the net proceeds after payment of (a) through (d) above to John and Alicja Czaplinski on account of their 50% ownership interest in JACRS; and

(e) $350,000 to the Trustee for the benefit of the estate (the "Default Settlement Sum").

8. In the event of a sale of the JACRS Property, Wrobel agrees to execute documents as reasonably required in connection with the closing of the sale of the JACRS Property.

## FINANCIAL DISCLOSURE

9. As a material term of this Stipulation and an inducement to the Trustee to accept the Settlement Sum, Wrobel has provided the Trustee with full financial disclosure in a financial disclosure affidavit, sworn under penalty of perjury, regarding all assets and bank accounts she maintains or in which she has an interest and other pertinent financial information (the "Financial Disclosure Affidavit").

8

10. In the event of any material misrepresentations in the Financial Disclosure Affidavit, the Trustee shall be entitled to retain all sums previously paid to the estate pursuant to this Stipulation and the agreement by the Trustee to waive and release any and all claims of the Debtors' estates against Wrobel shall be deemed null and void and of no force or effect. In that event, Wrobel agrees that any statute of limitations defenses, which could be asserted by Wrobel, shall be deemed tolled for the period between the execution of this Stipulation and the Trustee's discovery of any material misrepresentations, as set forth herein.

## REPRESENTATIONS BY WROBEL

11. As a material term of this Stipulation and an inducement to the Trustee to accept the Settlement Sum, Wrobel makes the following representations and warranties to the Trustee:

   a. Wrobel is represented by counsel, has read this Stipulation and understands all of its terms and her obligations hereunder;

   b. The Financial Disclosure Affidavit is true and accurate;

   c. Wrobel has not violated the Order dated August 22, 2013 in the Sledziejowski Adversary Proceeding [13-8317, Dkt. No. 38];

   d. Wrobel has not encumbered the shares of JACRS or the JACRS property; and

   e. Wrobel shall fully comply with the terms of this Stipulation.

## MUTUAL RELEASES

12. Upon the entry of a final, non-appealable Order approving this Stipulation and payment in full of the Settlement Sum or the Default Settlement Sum, Wrobel shall be deemed to have, and shall have, released and forever discharged the Trustee, the Trustee's professionals and the estates of Sledziejowski and Innovest from any and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which

9

Wrobel has, had, may ever have or may ever claim to have against the Trustee, the Trustee's professionals and/or the estates of Sledziejowski, Innovest and/or RML including, but not limited to, Sledziejowski Claim 40.

13. Upon the entry of a final, non-appealable Order approving this Stipulation and payment in full of the Settlement Sum or the Default Settlement Sum, the Trustee shall be deemed to have, and shall have, released and forever discharged Wrobel from any and all claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee and/or the Debtors' estates have, had, may ever have or may ever claim to have against Wrobel, including any and all claims asserted against Wrobel in the Adversary Proceedings and any and all claims relating to the Innovest Transfers and RML.

## ADDITIONAL PROVISIONS

14. This Stipulation is subject to, and shall become effective and binding on the Parties only upon the entry of a final, non-appealable Order of the Court approving this Stipulation. In the event the Court does not approve this Stipulation, or if the Court is overturned on appeal, this Stipulation and all of its provisions shall be deemed null and void and of no further force and effect, and nothing contained herein shall be deemed an admission by the Parties. If this Stipulation is not approved or Wrobel defaults under the terms hereof, nothing contained herein shall be deemed a toll of the Sanctions Order or of any other discovery obligations Wrobel may have in the Adversary Proceedings.

15. This Stipulation is a compromise and settlement of disputed claims and is the product of arms'-length negotiations.

16. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

17. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

18. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns as well as all creditors and parties-in-interest in these cases.

19. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: April 28, 2015
       Wantagh, New York

LaMonica Herbst & Maniscalco, LLP
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of Roman Sledziejowski and Innovest Holdings, LLC

By: _____
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

Dated: April 27, 2015
       White Plains, New York

Harold, Salant, Strassfield & Spielberg
Counsel to the Defendant Monika Wrobel

By: _____
Leonard I. Spielberg, Esq.
81 Main Street
White Plains, New York 10601
Telephone: (914) 683-2500

11

Dated: April __, 2015
      White Plains, New York

_____
Monika Wrobel

Sworn to before me this
24th day of April 2015

_____
Notary Public

      PAULA THOMAS
Notary Public, State of New York
      No. 4842350
Qualified in Westchester County
Commission Expires 10/31/ 207