**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

ROMAN SLEDZIEJOWSKI,

                    Debtor.

------------------------------------------------------------------x
MARIANNE T. O'TOOLE, as Chapter 7 Trustee of
the Estate of Roman Sledziejowski,

                Plaintiff,

vs.

MONIKA WROBEL, RML DEVELOPMENT, INC.,
JACRS, LLC, MLR DEVELOPMENT, INC., POL
MARKETING, INC., JERZY SLEDZIEJOWSKI,
ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES,
IRAS. KARABA, VIET HA DO, LAWRENCE W.
JACKSON, ESQ., JANE DOE "1" through "10" and
JOHN DOE "1" through "10",

                Defendants.
------------------------------------------------------------------x

Chapter 7

Case No. 13-22050 (RDD)

Adv. No. 13-08317 (SHL)

## MEMORANDUM OF DECISION AND ORDER

A P P E A R A N C E S:

LAMONICA HERBST & MANISCALCO, LLP
*Counsel for Marianne T. O'Toole, as Chapter 7 Trustee*
  By:  Joseph S. Maniscalco, Esq.
        Holly R. Holecek, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793

LAW OFFICES OF GABRIEL DEL VIRGINIA
*Counsel for Viet Ha Do*
  By:  Gabriel Del Virginia, Esq.
880 Third Avenue, 13th Floor
New York, New York 10022

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Chapter 7 Trustee's *Third Affirmation of Non-Compliance of Viet Ha Do* [Docket No. 243], which is submitted in connection with an order entered by the Court on April 1, 2015 (the "April 1 Order") [Docket No. 242]. The April 1 Order directed Viet Ha Do to comply with certain specified discovery requests of the Trustee. On April 23, 2015, the Court held a hearing on this matter. For the reasons set forth at that hearing—and reiterated below—the Court finds Ms. Ha Do in contempt of the April 1 Order and imposes sanctions upon Ms. Ha Do of $1000.00 per day, *nunc pro tunc* to April 15, 2015.[1]

## BACKGROUND

### A. Prior Discovery Issues

In July 2014, the Trustee moved to strike the answer filed by Viet Ha Do in this adversary proceeding (the "Motion to Strike") [Docket No. 125]. The Motion to Strike was based in part upon Ms. Ha Do's incomplete responses to the Trustee's First Request for Production of Documents, which was served by the Trustee upon Ms. Ha Do on January 30, 2014. On September 22, 2014, the Court entered an order directing discovery be produced to the Trustee by Ms. Ha Do (the "September 22 Order") [Docket No. 162]. The September 22 Order directed Ms. Ha Do to produce "any and all documents responsive to the Document Requests" by September 25, 2014 and directed that her deposition take place on October 3, 2014. *See* September 22 Order at 2.

The Motion to Strike has been carried through subsequent hearings in this case while the Court has addressed a variety of other discovery-related issues. For example, the Court spent a

---

[1] This Memorandum of Decision memorializes the Court's bench ruling that was read into the record during the hearing on April 23, 2015. Because of its origins as a bench ruling, this Memorandum of Decision has a more conversational tone.

2

significant amount of time in the fall of 2014 addressing discovery issues related to RML Development Inc. ("RML"), one of the other Defendants this case. This included efforts to find certain computers that were previously located on the premises of RML's office at 32 Todd Hill Road, Building 2, Lagrangeville, NY. The Court entered several orders regarding these RML discovery issues that involved Ms. Ha Do in her capacity as an officer of RML. These included an order of September 9, 2014 (the "September 9 Order") [Docket No. 157], that reflected the Court's bench ruling granting the Chapter 7 Trustee access to the Lagrangeville premises to inspect RML's books, records and computers. *See* September 9 Order at 2. The September 9 Order specifically stated that no one was to alter or remove any books or records from the Lagrangeville premises, including any computers and electronic records, prior to the inspection by the Trustee. *See id.*

The Court subsequently entered an order on November 7, 2014 (the "November 7 Order") [Docket No. 175] holding Ms. Ha Do and RML in contempt for violating the September 9 Order because, when inspected by the Trustee, the Lagrangeville premises did not contain any of RML's computers, which appeared to have been purposefully removed. *See* November 7 Order at 2. The November 7 Order provided that to purge the finding of civil contempt, Ms. Ha Do and RML were required to do one of the following: (1) return the computers and any relevant records to the premises so that the Trustee could inspect them by November 11, 2014, or (2) deliver to the Trustee by November 11, 2014, any and all computers of or pertaining to RML, including those previously located at the Lagrangeville premises. *See id.*

On December 11, 2014 the Court entered an order [Docket No. 196] sanctioning Ms. Ha Do in the amount of $1000.00 per day, *nunc pro tunc* to November 7, 2014, and continuing until she complied with the November 7 Order, for failure to purge her contempt relating to the RML

3

computers. Indeed, at a hearing held on December 5, 2014, Ms. Ha Do admitted to having certain computers and hard drives related to RML in her possession at her apartment in Brooklyn, Hr'g Tr. 65:21-68:12, Dec. 5, 2014 [Docket No. 200-1], and was therefore able to comply with the November 7 Order but had failed to do so at that time.

### B. The Current Discovery Issue

In January 2015, the Court returned to addressing Ms. Ha Do's personal discovery obligations once again. At a hearing held on January 9, 2015, the parties agreed upon the appropriate way to present these issues to the Court: (a) counsel to the Trustee would file an Affirmation of Non-Compliance detailing Ms. Ha Do's non-compliance with the September 22 Order requiring her to produce all documents responsive to the Trustee's document requests; and (b) Ms. Ha Do would have an opportunity to cure her non-compliance by producing any and all responsive documents on or before January 31, 2015 and sitting for her deposition one week later.

On January 21, 2015, counsel to the Trustee filed its First Affirmation of Non-Compliance [Docket No. 222] detailing Ms. Ha Do's non-compliance. The First Affirmation stated that on September 25, 2014, counsel to Ms. Ha Do electronically produced a response to the Trustee's document requests, as well as a privilege log and a DropBox link to certain electronic documents. Notwithstanding these steps, however, the First Affirmation stated that Ms. Ha Do still failed to produce responsive documents to nine of the Trustee's outstanding document requests that were the subject of the September 22 Order. Rather, in response to each of these nine requests, Ms. Ha Do objected and asserted either that responsive documents constitute "private and sensitive information unlikely to have any discoverable meaning in [sic] context of the complaint," that the Request "seeks production of private information unlikely to

4

have any discoverable meaning in [sic] context of the complaint," that the Request was "overbroad and ambiguous and unrelated to the allegations in the complaint," or that responsive documents were "protected from disclosure by the attorney-client privilege, work product protection and/or other Applicable Rules." *See* First Affirmation ¶ 6. In addition, the Trustee asserted that Ms. Ha Do's response to Request 29 was non-responsive. *See id.*

On February 1, 2015, Ms. Ha Do filed an objection to the First Affirmation, asserting these same objections, including attorney-client privilege. *See Viet Ha Do's Further Responses and Objections to Defendant's Demands Pursuant to Rules 26 & 34 of Fed. R. Civ. P.* at 2-3 [Docket No. 227]. Ms. Ha Do also stated that several of the requests sought "production of private information unlikely to have any relevant and is difficult to even conceive their relevance. Furthermore, these are private matters which would be oppressive for the Defendant to produce." *See id.* at 4-6.

On February 12, 2015, counsel to the Trustee filed a Second Affirmation of Non-Compliance [Docket No. 231] detailing Ms. Ha Do's further non-compliance with the September 22 Order. The Second Affirmation stated that on February 1, 2015, counsel to Ms. Ha Do filed and served ". . . Further Responses and Objections to Defendants Demands Pursuant to Rules 26 & 24 Of Fed. R. Civ.P." and a DropBox link to an additional document production. This further response purported to produce documents responsive to four of the Trustee's nine outstanding requests. But with respect to the five remaining requests, counsel to the Trustee stated that Ms. Ha Do simply "revised" the objections she had previously asserted and failed to produce any responsive documents. These five requests were as follows:

> Request 7: The name and account number of all credit cards used by the Defendant for the period 2009 to the present.
> Request 8: Copies of all documents which would show the identity of payments made to the Defendant's credit cards for the period 2009 to the present.

5

> Request 9: Copies of all documents which would show the identity of payment of all of the Defendant's monthly expenses and bills, including, but not limited to education expenses, travel expenses, and transportation.
> Request 24: Copy of every page of the Defendant's passport for travels that occurred from January 1, 2009 to the present.
> Request 30: Copies of all documents, emails, notes, text messages between the Defendant and Sarah T. Pitts, Esq.[2]

On March 16, 2016, Ms. Ha Do filed a response to the Second Affirmation and argued once again that the documents sought by the Trustee were "clearly unrelated" to the causes of action in the case and that certain documents were not produced because they contained information protected by the attorney client privilege, work protect protection and/or other applicable rules. *See Viet Ha Do's Response to Second Affirmation of Non-Compliance of Viet Ha Do* at 3 [Docket No. 235].

A hearing was held before the Court on March 27, 2015. At that time, the Trustee explained in detail its reasons for seeking each of the items in question. *See generally* Hr'g Tr. 4-11, March 27, 2015. For example, Requests 7 and 8 seek the account numbers for credit cards used by Ms. Ha Do from 2009 to the present and the source of payment of such charges. The Trustee noted that this case involves the tracing of money and transfers that occurred between Roman Sledziejowski and his ex-wife, his parents and Ms. Ha Do. *See id.* at 5:3-10. Trustee's counsel stated that Ms. Ha Do has been unemployed since 2012, yet she was still able to pay for her credit cards and her apartment, and the Trustee believed that this money is coming from property of the estate that is in the possession of Roman Sledziejowski. The Trustee therefore

---

[2] In addition, the Trustee complains that Ms. Ha Do also failed to amend her response to Request 29, which the Trustee had previously asserted was nonresponsive in the First Affirmation. Request 29 seeks any and all documents evidencing the Defendant's receipt of any money, or consideration of any kind, in whatever form, directly or indirectly from the Debtor, or from a third party on behalf of the Debtor. Ms. Ha Do's response to Request 29 states that she is not in possession of responsive documentation and did not receive any Asset Transfers from the Debtor or a third party on behalf of the Debtor. As Ms. Ha Do has provided a response to Request 29—albeit one that claims there are no responsive documents—Request 29 is not addressed in this contempt ruling.

argued that it is relevant to identify the source of payments as to Ms. Ha Do's credit card charges. *See id*. at 5:11-6:4. Request 9 is similar in seeking documents reflecting the identity of the payments for Ms. Ha Do's living expenses and bills, educational expenses, and travel expenses. In support of this request, the Trustee noted that Innovest—a company allegedly owned and controlled by Mr. Sledziejowski—had paid NYU approximately $55,000 for Viet Ha Do's educational expenses (which the Trustee has recouped) and the Trustee is looking to identify any similar situations. *See id.* at 6:13-7:2. Request 24 asks for copies of Ms. Ha Do's passport for travel that occurred from January 2009 to the present. The Trustee seeks this information to ascertain whether Ms. Ha Do traveled with Roman Sledziejowski, which it contends may be relevant to the potential movement of assets overseas. For instance, counsel to the Trustee noted that Ms. Ha Do had previously testified in the Innovest bankruptcy case that she had gone to Poland to meet with defendants in a related adversary proceeding. The Trustee would like to pinpoint Ms. Ha Do's travel dates and see if they align with conveyances of money that have left the U.S. *See id.* at 8:12-9:6. As for Request 30, it seeks documents, emails, notes, and texts between Ms. Ha Do and Sarah Pitts, Esq.; counsel to the Trustee noted that Ms. Pitts' legal services were utilized to purchase properties held by RML and MLR.[3] The Trustee represented that Roman Sledziejowski wired money to Ms. Pitts' escrow account which she would then wire to the sellers of those properties. Though Ms. Ha Do asserts communications between herself and Ms. Pitts are privileged, counsel to the Trustee maintains that if such privilege exists, it would not have arisen until August 2012 when Ms. Ha Do became an officer of RML and obtained her ownership interest in the company. Due to the close relationship

---

[3] MLR is another entity that was allegedly owned and controlled by Roman Sledziejowski. *See* Compl. ¶¶ 85-96.

7

between Ms. Ha Do and Roman Sledziejowski, the Trustee asserts that it is possible that Ms. Ha Do is communicating with Ms. Pitts on Mr. Sledziejowski's behalf with respect to wire transfers. *See id.* at 9:7-10:5.[4]

At the conclusion of the hearing, and after having heard from Ms. Ha Do's counsel, the Court issued a bench ruling overruling Ms. Ha Do's objections and granting the Trustee's request that the requested material be produced. The Court found, among other things, that the requested discovery was relevant and overruled the objections of Ms. Ha Do relating to relevance and privacy. *See id.* at 11:22-22:7. As to privilege, the Court noted that it had ordered such documents to be produced subject to a clawback for privilege, with an option to withhold privileged documents if a privilege log was prepared. But no such log was prepared. *See id.* Following the hearing, the Court entered the April 1 Order, directing Ms. Ha Do to produce to the Trustee, on or before April 2, 2015:[5]

> . . . documents, either in hard or electronic copy, responsive to Request 7, Request 8, Request 9, Request 24 and Request 30. . . ;

*See* April 1 Order at 2. The April 1 Order further provided that:

> . . . the production of any privileged documents and/or electronic data to the Trustee on or before April 2, 2015 shall be subject to a claw back by Viet Ha Do, or, in the alternative, Viet Ha Do may produce any privileged documents and/or electronic data to the Court on or before April 2, 2015, provided, however, that Viet Ha do must simultaneously produce a privilege log to the Court and to the Trustee;

---

[4] In addition to these five requests, the Trustee also explained the relevance of Requests 11, 17 and 38, which helps round out the full picture of why all this discovery is relevant. Request 11 seeks documents regarding Ms. Ha Do's relationship with MLR Development, which the Trustee seeks to ascertain whether that relationship is similar to Ms. Ha Do's relationship with RML, for which she acquired her ownership in the eleventh hour. *See* Hr'g Tr. 7:3-8:8, March 27, 2015. For the same reasons, Request 17 is relevant because it requests information relating to Ms. Ha Do's involvement in the operations of MLR. *See id.* at 8:9-11. As for Request 38, which seeks documents relating to support services Ms. Ha Do provided to RML, the Trustee states that such documents go to the heart of the fraudulent conveyance claim that is asserted against her, which is that the acquisition of her ownership interest in RML was a fraudulent conveyance. Such request relates to her argument that she provided services to RML for three years and acquired her ownership in RML in return for the services she rendered. The Trustee seeks these documents to substantiate the services she provided. *See id.* at 10:11-11:4.

[5] The time period for production began to run after the Court's ruling at the hearing on March 27, 2015.

8

*See id.*

In its Third Affirmation of Non-Compliance, now currently before the Court, the Trustee alleges that Ms. Ha Do still has not complied with her obligations. The Trustee notes that on April 2, 2015, counsel to Ms. Ha Do electronically mailed a DropBox link to a folder named "Supplemental" containing 3,210 files and thousands of pages of documents. But the Trustee represents—and Ms. Ha Do has not contested—that these documents were previously produced to the Trustee during discovery in this adversary proceeding. The Trustee states that the documents produced on April 2nd consist primarily of documents relating to RML Development, Inc. and its operations, and that these documents have now been produced to the Trustee multiple times by Ms. Ha Do, and fellow defendants Paul Folkes and RML Development, Inc. In its Third Affirmation, the Trustee asserts that Ms. Ha Do still has not fully provided documents responsive to the five remaining requests and has not amended her response to Request 29. Nor has Ms. Ha Do provided a privilege log to the Trustee or the Court.

At the hearing on this matter on April 23, 2015, the Trustee recounted additional information produced by Ms. Ha Do on April 15, 2015. But it is clear that the additional production was very limited—both in kind and in duration of time. For example, credit card statements were produced, but only for limited time periods far narrower than what was sought:

- Citicard ending in 7999 – where she produced documents only from April 2010 to October 2010;
- Citicard ending in 4589 – where she produced documents only from October 2014 through present;
- Citicard ending in 6992 – where she produced documents only from January 2011 to December 2012;
- Citicard ending in 2311 – where she produced documents only from January 2009 to March 2011.

Ms. Ha Do did not produce the rest of the credit card statements that were required under the April 1 Order, including any information relating to American Express. Ms. Ha Do's bank statements reflect transfers to certain credit cards – for instance in December 2014 a transfer of $15,000.00 was made to a MasterCard/Visa account and transfers were made in various amounts ($5,000.00, $12,000.00, etc.) to an American Express card—but no information was provided for these MasterCard/Visa or American Express accounts.

Similarly, Ms. Ha Do also produced incomplete responses for her bank statements, including:

- Citibank account ending in 8317 – where she produced documents only from October 2009 to July 2013;
- Chase account (account number not identified – appears to be 2391) – where she produced documents only from December 2014 to March 2015;
- Wells Fargo account ending in 9470 – where she produced documents only from October 2013 to February 2014.

Even more troubling, these bank statements were produced with selective redactions, some of which the Trustee's counsel believes reflect wire transfers leading to other accounts; counsel's suspicion regarding the wire transfers is based on the failure to redact wire transfer fees that immediately followed the redacted items. Additionally, the statements produced do not provide any deposit information. The bank statements reflect transfers to the Bank of Fayette in Tennessee. From what the Trustee identified, it appears that at least $10,000.00 has been moved to this bank in the last two months, though Ms. Ha Do failed to turn over any information for the Bank of Fayette account. Ms. Ha Do also produced a three-page financing statement from an unidentified bank indicating that on July 28, 2014 she took out a personal loan for $19,000.00. She did not, however, disclose her application for that loan.

Finally, Ms. Ha Do's production of other documents was also problematic. For example, Ms. Ha Do produced copies of each page of her passport, though the copies were illegible and

10

certain information was redacted from the front page of the passport. A copy of Ms. Ha Do's visa was also produced, but again with certain identifying information redacted.

## DISCUSSION

### A. Civil Contempt and Discovery Sanctions

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527, 533 (Bankr. S.D.N.Y. 2007) (citing *Spallone v. U.S.*, 493 U.S. 265 (1990)). A contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant. . . ." *International Union v. Bagwell*, 114 S. Ct. 2552, 2557 (1994). Civil contempt sanctions "coerce the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *see also Bagwell*, 114 S. Ct. at 2557-58 (difference between civil and criminal contempt in context of imprisonment and fines). "To the extent that a civil contempt order is coercive, it can be avoided through obedience to the order. When a contempt sanction is intended to compensate an injured party, proof of actual pecuniary losses is not necessary." *Ngang Gung Restaurant v. Official Comm. of Unsecured Creditors of Ngang Gung Restaurant (In re Ngang Gung Restaurant)*, 1996 U.S. Dist. LEXIS 18877, at *13 (S.D.N.Y. Dec. 20, 1996) (citing *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5-6 (2d Cir. 1989)).

District courts have "inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992). "It is generally agreed that bankruptcy courts possess the same inherent sanction powers that district courts enjoy." *Ngang Gung*, 1996 U.S. Dist. LEXIS 18877, at *16; *Chief Exec. Officers' Clubs*, 359 B.R. at 534. The majority of courts agree that, in core

proceedings, bankruptcy courts have civil contempt power pursuant to 11 U.S.C. § 105. *Ngang Gung*, 1996 U.S. Dist. LEXIS 18877, at *9 (citing *In re Power Recovery Sys., Inc.*, 950 F.2d 798, 802 (1st Cir. 1991); *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990); *In re Walters*, 868 F.2d 665, 669-70 (4th Cir. 1989); *In re Ionosphere Clubs, Inc.*, 171 B.R. 18, 21 (S.D.N.Y. 1994); *In re Stockbridge Funding Corp.*, 158 B.R. 914, 917 (S.D.N.Y. 1993); *Federation of Puerto Rican Orgs. of Brownsville, Inc. v. Howe*, 157 B.R. 206, 211 (E.D.N.Y. 1993); *In re Max Frankel*, 192 B.R. 623, 629-30 (Bankr. S.D.N.Y. 1996)).

Other courts have held that the inherent powers of a bankruptcy court to sanction arise independently of any statutory authority. *Ngang Gung*, 1996 U.S. Dist. LEXIS 18877, at *16 (citing *In re Mroz*, 65 F.3d 1567, 1574-76 (11th Cir. 1995)). "Pursuant to this inherent power, courts have broad discretion to fashion appropriate sanctions for abuses of court processes." *Ngang Gung*, 1996 U.S. Dist. LEXIS 18877, at *16 (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44-45(1991)) (noting that bankruptcy courts have fashioned a variety of sanctions that have been upheld on appeal). "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *Chief Exec. Officers Clubs*, 359 B.R. at 535 (citing *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995); *Monsanto Co. v. Haskel Trading, Inc.,* 13 F. Supp. 2d 349, 363 (E.D.N.Y. 1998)). "Clear and unambiguous" means that the clarity of the order must be such that it enables the enjoined party "to ascertain from the four corners of the order precisely what acts are forbidden." *Chief Exec. Officers*, 359 B.R. at 535 (quoting *Monsanto Co.,* 13 F. Supp. 2d at 363). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate

12

'reasonable certainty' that a violation occurred." *Chief Exec. Officers*, 359 B.R. at 535 (quoting *Levin v. Tiber Holding Corp.,* 277 F.3d 243, 250 (2d Cir. 2002)).

"Where contempt is found, the defendant must not have diligently attempted to comply with the order." *Chief Exec. Officers*, 359 B.R. at 535 (citing *New York State NOW v. Terry,* 886 F.2d 1339, 1351 (2d Cir. 1989)). "Any doubts whether the requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." *Chief Exec. Officers*, 359 B.R. at 535 (citing 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.51 (3d ed. 2006)). "But a finding of bad faith, willfulness, or substantial fault is not a prerequisite to a finding of civil contempt." *Id.*

Additionally, "[a] court has the authority to sanction a party for spoliation and other discovery misconduct under its inherent power to manage its own affairs or under Rule 37 of the Federal Rules of Civil Procedure." *GFI Acquisition, LLC v. Am. Federated Title Corp. (In re A&M Fla. Props. II, LLC)*, 2010 Bankr. LEXIS 1217, 14-15 (Bankr. S.D.N.Y. Apr. 7, 2010) (citing *Phoenix Four, Inc. v. Strategic Resources Corp.*, 2006 WL 1409413, at *3 (S.D.N.Y. May 23, 2006)); *see also Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002); *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 135-36 (2d Cir. 1998); *Metro Opera Ass'n, Inc. v. Local 100 Hotel Employees & Rest. Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003). "A court possesses wide discretion when imposing these sanctions." *A&M Fla. Props.*, 2010 Bankr. LEXIS 1217, at *16 (citing *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999)). Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7037, provides that:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>   (iii) striking pleadings in whole or in part;
>   (iv) staying further proceedings until the order is obeyed;
>   (v) dismissing the action or proceeding in whole or in part;
>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Relatedly, Rule 37(b)(2)(C) provides that the disobedient party must pay costs:

>   Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

### B. Ms. Ha Do is in Contempt

Given all the facts and the applicable legal standard, the Court finds that Ms. Ha Do is in civil contempt. The Court finds that she has violated a clear and unambiguous court order—namely the order of April 1, 2015 requiring her to produce documents in response to Requests 7, 8, 9, 24 and 30, that the proof of noncompliance is clear and convincing, and that she has not diligently attempted in a reasonable manner to comply. The April 1 Order is clear and unambiguous. It states within the four corners of the order exactly what Ms. Ha Do must do to comply with discovery requests that were originally made by the Trustee almost a year and a half ago. Thus, the Trustee has demonstrated with reasonable certainty that Ms. Ha Do has violated the April 1 Order. The Court further finds that Ms. Ha Do has not diligently attempted to comply with the April 1 Order, even if any and all doubts are resolved in her favor.

Given the Court's ruling, Ms. Ha Do is clearly responsible under Rule 37(b)(2)(C) for the Trustee's reasonable expenses, including attorneys' fees, caused by her failure to obey a discovery order.

The Court now turns to the appropriate sanction to compel Ms. Ha Do's compliance with the April 1 Order. The Trustee here has requested that Ms. Ha Do be sanctioned $1,000.00 per day, *nunc pro tunc* to April 15, 2015—the date of her last production—and continuing until she complies with all discovery obligations. The Court finds that such a sanction is appropriate to compel compliance given all the facts and circumstances. These facts include the disregard that Ms. Ha Do has shown for prior Court orders, the extensive process leading up to the Court having to issue the April 1 Order, and the numerous opportunities that Ms. Ha Do has had to provide the requested discovery. The Court also finds this sanction appropriate considering that Ms. Ha Do has previously been sanctioned by the Court for noncompliance with her discovery obligations. While this previous sanction related to her conduct as an officer of RML, there should be no mistake that she was personally sanctioned because she personally failed to honor her obligations under a Court order.

Finally, the Court notes that Ms. Ha Do failed to appear before the Court at the hearing held on April 23, 2015, although her counsel was present. This is the second time the Court is being asked to find Ms. Ha Do in civil contempt. The fact that she did not personally appear evidences a lack of seriousness on her part as to the issues before the Court. Given these facts, the Court orders Ms. Ha Do to appear on May 8, 2015 to address all her discovery deficiencies and to provide all requested discovery. This will provide her with another opportunity to purge her contempt. If compliance is not achieved, the Court will consider any request for additional sanctions, including those set forth under Rule 37(b)(2)(A) and other appropriate relief as necessary.

## **CONCLUSION**

For the reasons stated above, the Court finds Ms. Ha Do in contempt and sanctions her $1,000.00 per day, *nunc pro tunc* to April 15, 2015 and continuing until Ms. Ha Do complies with the April 1 Order. Pursuant to Rule 37(b)(2)(C), the Court also awards the Trustee reasonable expenses, including attorneys' fees associated with the filing and court appearances for the Third Affirmation of Non-Compliance; the Trustee should file a detailed list of such expenses within 14 days' of this decision and order. Ms. Ha Do must appear in person before the Court on May 8, 2015 to address her lack of compliance.

**IT IS SO ORDERED.**

Dated: New York, New York
　　　 May 4, 2015

　　　　　　　　　　　　　　　　　　　　　　 */s/ Sean H. Lane*
　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES BANKRUPTCY JUDGE