*Platzer, Swergold, Levine,*            *Hearing Date and Time: May 8, 2015 @ 11:00 a.m.*
*Goldberg, Katz & Jaslow, LLP*            *Objection Deadline: May 6, 2015*
*Attorneys for JACRS, LLC*
*475 Park Avenue South, 18th Floor*
*New York, New York 10016*
*(212) 593-3000*
*Scott K. Levine, Esq.*
*Teresa Sadutto-Carley, Esq.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ROMAN SLEDZIEJOWSKI, | Case No.: 13-22050 (RDD) |
| Debtor. | |

------------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, as Chapter 7 Trustee of the estate of Roman Sledziejowski, | Adv.Pro.No.: 13-08317(SHL) |
| Plaintiff, | |
| -against- | |
| MONIKA WROBEL, RML DEVELOPMENT, INC., JACRS, LLC, MLR DEVELOPMENT, INC., POL MARKETING, INC., JERZY SLEDZIEJOWSKI, ELIZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA S. KARABA, VIET HA DO, LAWRENCE W. JACKSON, ESQ., JANE DOE "1" through "10" and JOHN DOE "1" through "10", | |
| Defendants. | |

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| INNOVEST HOLDINGS, LLC, | Case No.: 13-22748 (RDD) |
| Debtor. | |

------------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE OF THE ESTATE OF INNOVEST HOLDINGS, LLC, | Adv.Pro.No.: 13-08317(SHL) |
| Plaintiff, | |
| -against- | |
| POL MARKETING, INC., JERZY SLEDZIEJOWSKI, and MONIKA WROBEL, | |
| Defendants. | |

------------------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY JACRS, LLC TO MOTION SEEKING ENTRY OF ORDERS: (I) SCHEDULING HEARING ON SHORTENED NOTICE OF TRUSTEE'S MOTION; AND (II) APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND MONIKA WROBEL**

TO:   THE HONORABLE SEAN H. LANE,
      UNITED STATES BANKRPTCY JUDGE:

JACRS, LLC (the "JACRS"), by its counsel, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, as and for its limited objection and reservation of rights (the "Limited Objection") to the Motion Seeking Entry of Orders: (I) Scheduling Hearing on Shortened Notice of Trustee's Motion; and (II) Approving, Under Bankruptcy Rule 9019(a), Stipulation of Settlement between Chapter 7 Trustee and Monika Wrobel (the "Motion"), hereby states as follows:

**LIMITED OBJECTION**

1.   JACRS is the owner of an apartment building located at 867 Riverside Drive, New York, New York 10032 (the "Property") and is currently a defendant in the Adversary Proceeding No. 13-08317 (SHL).

2.   Pursuant to a Stipulation of Settlement and Agreement between Monika Wrobel ("Wrobel") and debtor, Roman Sledziejowski (the "Debtor"), dated November 28, 2012, the Debtor transferred his 50% ownership interest in JACRS to Wrobel.  The Trustee has alleged in Adversary Proceeding No. 13-08317 (SHL) that such transfer was fraudulent.  The other 50% ownership interest in JACRS is currently held by John C. Czaplinski and his wife, Alicja Czaplinski.

3.   On or about April 28, 2015, Marianne T. O'Toole, the above-referenced Chapter 7 Trustee (the "Trustee") entered into a Stipulation of Settlement with Wrobel (the "Settlement

2

Agreement") whereby Wrobel will pay to the Trustee $200,000 ("Settlement Amount") by no later than May 15, 2015 in full and final settlement of the claims and controversies asserted by the Trustee against Wrobel in both Adversary Proceedings set forth above. JACRS was not a party to the Settlement Agreement.

4. Pursuant to ¶5 of the Settlement Agreement, in the event of a default in Wrobel's payment of the Settlement Amount to the Trustee and if said default is not cured within the requisite time period as provided for in the Settlement Agreement, Wrobel is obligated to turnover her shares of stock and transfer of ownership interest to the Trustee "and the Trustee shall thereafter be authorized to sell the JACRS Property."

5. Additionally, pursuant to ¶7 of the Settlement Agreement, in the event the Property is sold, the Trustee and Wrobel have outlined certain obligations that are to be paid with the sale proceeds, however the Trustee and Wrobel have failed to include any and obligations that JACRS has incurred as of the sale date, which includes, but not limited to, utilities, legal fees, management fees, and other obligations incurred by JACRS but not paid as of the sale date.

6. JACRS does not object to the proposed settlement by and between the Trustee and Wrobel. However, files this Limited Objection out of abundance of caution and to clarify for the record that if in fact an event of default occurs under the Settlement Agreement and Wrobel's shares of stock are transferred to the Trustee, JACRS does not authorize the Trustee to have unilateral authority to sell the Property as provided for in ¶5 of the Settlement Agreement. Any sale of the Property will be upon the terms and conditions as set forth in the Limited Liability Company Operating Agreement of JACRS, LLC.

7. Additionally, in the event of a default and the sale of the Property, any proceeds received from the sale of the Property must also pay any and all of JACRS's outstanding

3

obligations as of the sale date including, but not limited to, utilities, legal fees, management fees and other obligations incurred, but not paid as of the sale date. Under New York State law, JACRS has an obligation to pay all of its outstanding obligations before making any distributions to equity.

8.      The Trustee and JACRS are in the process of negotiating a resolution of JACRS' Limited Objection and believe they are close to a resolution of same which of course is subject to Ms. Wrobel's approval and this Court's approval. To the extent that the terms of a consensual resolution are reflected in the Order approving the Settlement Agreement and same is approved and entered by this Court, JACRS shall withdraw this Limited Objection.

Dated: New York, New York
       May 6, 2015

**Platzer, Swergold, Levine,
Goldberg, Katz & Jaslow, LLP**
*Attorneys for JACRS, LLC*

By:   /s/ Teresa Sadutto-Carley
      Scott K. Levine, Esq.
      Teresa Sadutto-Carley, Esq.
      475 Park Avenue South, 18th Fl
      New York, New York 10016
      (212) 593-3000
      slevine@platzerlaw.com
      tsadutto@platzerlaw.com