UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:                                                                Chapter 7

ROMAN SLEDZIEJOWSKI,                                                  Case No.: 13-22050 (RDD)

              Debtor.
---------------------------------------------------------------------x
MARIANNE T. O'TOOLE, as Chapter 7 Trustee
of the estate of Roman Sledziejowski,

              Plaintiff,                         Adv. Pro. No.: 13-08317 (SHL)
-against-

MONIKA WROBEL, RML DEVELOPMENT, INC.,
JACRS, LLC, MLR DEVELOPMENT, INC., POL
MARKETING, INC., JERZY SLEDZIEJOWSKI,
ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES, IRA
S. KARABA, VIET HA DO, LAWRENCE W.
JACKSON, ESQ., JANE DOE "1" through "10" and
JOHN DOE "1" through "10",

              Defendants.
---------------------------------------------------------------------x
In re:                                                                Chapter 7

INNOVEST HOLDINGS, LLC,                                               Case No.: 13-22748 (RDD)

              Debtor.
---------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

              Plaintiff,                         Adv. Pro. No.: 14-08208 (SHL)
-against-

POL MARKETING, INC., JERZY SLEDZIEJOWSKI,
and MONIKA WROBEL,

              Defendants.
---------------------------------------------------------------------x

**ORDER APPROVING, UNDER BANKRUPTCY RULE 9019(a), STIPULATION OF
SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND MONIKA WROBEL**

Upon the motion of Marianne T. O'Toole, as Chapter 7 Trustee (the "Trustee") of the estates of Roman Sledziejowski and Innovest Holdings, LLC (together, the "Debtors") seeking the entry of Orders: (I) scheduling a hearing on shortened notice; and (II)(a) approving the stipulation of settlement (the "Stipulation") between the Trustee and Monica Wrobel ("Wrobel"); and (b) granting such other and further relief as the Court deems just and proper (the "Motion") [Adv. Pro. No. 13-8317, Dkt. No. 257 and Adv. Pro. No. 14-8208, Dkt. No. 31]; and upon the Order scheduling a hearing on shortened notice of the Motion [Adv. Pro. No. 13-8317, Dkt. No. 258 and Adv. Pro. No. 14-8208, Dkt. No. 32]; and upon the Affidavits of Service evidencing proof of service of the Motion and the scheduling Order [Adv. Pro. No. 13-8317, Dkt. Nos. 259, 260 and Adv. Pro. No. 14-8208, Dkt. Nos. 33, 34]; and upon the Limited Objection and Reservation of Rights by JACRS, LLC to the Motion [Adv. Pro. No. 13-8317, Dkt. No. 265 and Adv. Pro. No. 14-8208, Dkt. No. 36]; and no other objections to the Motion having been filed; and upon the hearing held before the Court on May 8, 2015 at 2:00 p.m. (the "Hearing"), the record of which is incorporated within this Order; and the Court having found that the relief sought by the Trustee in the Motion is warranted; and no additional notice being necessary or required, now, therefore, it is

ORDERED, that the Stipulation, a copy of which is annexed as Exhibit A, is hereby approved as agreed to at the Hearing and as modified herein; and, it is further

ORDERED, that the adversary proceeding number referenced in the caption as "Adv. Pro. No.: 14-8207 (SHL)" is hereby corrected to "Adv. Pro. No.: 14-8208 (SHL)"; and, it is further

ORDERED, that paragraph 1 of the Stipulation is hereby modified to:

1. In full and final settlement of the claims and controversies asserted by the Trustee against Wrobel in the Adversary Proceedings, including the Sanctions Order, or

with respect to the Innovest Transfers, RML and any other claims of the Debtors' estates against Wrobel, Wrobel shall pay to the Trustee the sum of $200,000.00 (the "Settlement Sum") no later than **May 21, 2015** (the "Payment Deadline").

and, it is further

ORDERED, that paragraph 5 of the Stipulation is hereby modified to:

5.   If a default under ¶ 4 of this Stipulation is not cured (including the payment of any returned check fees) within five (5) calendar days from the date of the Default Notice, then Wrobel shall immediately turnover her shares of stock and transfer her ownership interest in JACRS to the Trustee and Wrobel waives any and all defenses to the turnover of her shares of stock and transfer of ownership interest in JACRS to the Trustee.

and, it is further

ORDERED, that the Limited Objection of JACRS, LLC to the Motion is resolved as agreed to at the Hearing and JACRS, LLC reserves any and all rights it may have; and, it is further

ORDERED, that, upon payment in full of the Settlement Sum (as defined in the Stipulation), the Order Sanctioning Monika Wrobel and holding Wrobel in civil contempt [Adv. Pro. No. 13-8317, Dkt. No. 226] shall be deemed resolved; and, it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order and the Stipulation.

Dated: May 15, 2015
       New York, New York

                                                    */s/ Sean H. Lane*
                                                    Honorable Sean H. Lane
                                                    United States Bankruptcy Judge