**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:

ROMAN SLEDZIEJOWSKI,

                        Debtor.

------------------------------------------------------------------x
MARIANNE T. O'TOOLE, as Chapter 7 Trustee of
the Estate of Roman Sledziejowski,

                        Plaintiff,

                  vs.

MONIKA WROBEL, RML DEVELOPMENT, INC.,
JACRS, LLC, MLR DEVELOPMENT, INC., POL
MARKETING, INC., JERZY SLEDZIEJOWSKI,
ELZBIETA SLEDZIEJOWSKI, PAUL FOLKES,
IRAS. KARABA, VIET HA DO, LAWRENCE W.
JACKSON, ESQ., JANE DOE "1" through "10" and
JOHN DOE "1" through "10",

                      Defendants.
------------------------------------------------------------------x

Chapter 7

Case No. 13-22050 (RDD)

Adv. No. 13-08317 (SHL)

## ORDER DENYING EXTENSION
## OF TIME FOR VIET HA DO TO COMPLY

        The Court is in receipt of a letter from David Siegal, Esq., dated May 21, 2015, stating that Mr. Siegel was engaged on May 19, 2015 to represent defendant Viet Ha Do in the above-captioned adversary proceeding. Mr. Siegel requests an extension of time for Ms. Ha Do to perform certain unspecified obligations that were purportedly the subject of a hearing held by the Court on May 12, 2015 (the "May 12th Hearing"). These obligations were to be performed by May 21, 2015. Mr. Siegel complains that he is unclear on the scope of these obligations because he does not have a copy of the transcript for the May 12th Hearing.

        The May 12th Hearing was scheduled to address the status of Ms. Ha Do's efforts to purge herself of the civil contempt finding issued against her by this Court in a bench ruling on

April 23, 2015, which ruling was subsequently committed to writing. *See In re Sledziejowski*, 2015 WL 2128595 (Bankr. S.D.N.Y. May 5, 2015) (finding Ms. Ha Do in civil contempt for failure to obey an order, dated April 1, 2015, that required her to respond to specified discovery). Nothing at the May 12th Hearing changed Ms. Ha Do's obligations to comply with the Court order at issue. To the extent that the parties at the May 12th Hearing discussed ways to finally move past the long standing and repeated discovery issues in this case, *see id.*, such discussions did nothing to alter the Court's ruling, which clearly set forth the steps Ms. Ha Do must take to purge herself of civil contempt.

      Finally, the Court notes that this adversary proceeding was filed on July 9, 2013, almost two years ago. It has been a busy and contentions case, with 279 docket entries filed to date. While Ms. Ha Do has the right to obtain new counsel, such counsel takes the case as it is. Moreover, Ms. Ha Do herself was present at the May 12th Hearing, and like any party, she has the right to purchase a transcript of the proceedings.

      To the extent that Mr. Siegel requests an extension of time for Ms. Ha Do to honor the discovery obligations that are the subject of the Court's civil contempt finding, that request is DENIED.

Dated: New York, New York
      May 26, 2015

                                                        ***/s/ Sean H. Lane***
                                                        UNITED STATES BANKRUPTCY JUDGE